[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter concerns the claim of the State of Connecticut against the Estate of Kenneth Riley, Sr. for reimbursement of monies paid to or on behalf of the deceased Kenneth Riley, Sr. who died on October 20, 1995. Kenneth Riley, Sr. before his death received benefits by way of public assistance to the extent of $121,675.36 (See Request for Admissions, No. 3 Plaintiff's Ex. 2). At the time of his death he was the owner of a residence located at 18 Malden Street, West Haven, Connecticut. Following his death his son, Edward L. Riley, was appointed Executor of the decedent's estate and set about settling the estate which was essentially insolvent as the plaintiff herein had filed a claim for the benefits paid as noted above, and there were other claims as against the only asset which consisted of the decedent's residence. (Plaintiff's Ex. 12. — Motion to Declare Estate Insolvent). Raymond Riley, brother of the Executor Edward Riley and son of the deceased Kenneth Riley, became the owner of 18 Malden Street on November 5, 1996. Prior to this conveyance Raymond had been living on the property and paying the monthly mortgage payments. Raymond L. Riley apparently had limited financial assets and lacked the wherewithal to purchase this property and in order for Raymond to be able to demonstrate to a potential mortgagee that he was financially qualified to assume a portion of the purchase price it was necessary for him to produce funds to cover the difference between the mortgage and the sales price. Presumably the mortgagee would not lend 100% of the sales price. In order to accomplish the transfer of the property to Raymond from the Estate, Edward Riley gave a ""gift of equity" to Raymond of $30,056. (Plaintiff's Ex. 11). This then, on paper, enabled Raymond to demonstrate to the lender that a partial "payment" towards the sales price was being made by the borrower. CT Page 9576
Prior to Kenneth Riley's death on October 20, 1995, he or someone on his behalf requested the Beazley Company, Realtors to do a market analysis of 18 Malden Street (Defendant's Ex. 1) and this was completed by Dawn Turcotte. This admittedly was not an appraisal but was an approximation of the value of the property by relating it to other sales in the neighborhood. It was Ms. Turcotte's judgment that the house should sell for something between $80,000 to $90,000. She listed the property for 3 months but got no response.
When Edward set about to try to arrange for Raymond to buy the property it became necessary to demonstrate, at least on paper, that the property had a value well in excess of $85,000 in order to qualify Raymond for a mortgage although this was the price for which he was intending to sell the property to Raymond. (Plaintiff's Ex. 3).
Upon application to the Probate court and after hearing, Probate Judge E. Michael Heffernan approved the sale in the amount of $85,000 (Plaintiff's Ex. 4) and on November 5, 1996 title passed to Raymond by Executor's Deed of Edward Riley with the "expressed consideration" being $115,600. See Executor's Deed, attached as an Ex. appended to Defendant's Ex. 6). The plaintiff was advised by various notices from the Probate Court and correspondence as to the contemplated transfer of the premises for $85,000 (See Plaintiff's Exs. 16 and 19) and was also advised of the contemplated transfer at a price of $120,000 and the equity gift. (See Plaintiff's Ex. 18). While the State, acting through Peter Pappas, was somewhat puzzled as to the "gift of equity" and a purchase price of $120,0000 with a mortgage of $96,000 (Plaintiff's Ex. 18) they nonetheless agreed that the sale to Raymond should proceed by letter of September 20, 1996 (Plaintiff's Ex. 19). Attorney Murray Kessler testified on behalf of the defendants and indicated that he represented the ABC Mortgage Company which apparently deals in obtaining financing for low income individuals who have difficulty obtaining financing to purchase residences. He testified that he tried to let the State know the "real value" of the property as opposed to the "paper" value which was intended to enable the buyer to qualify for a full loan for the purchase price.
It is the State's claim that according to the appraisal done on September 30, 1996 (Plaintiff's Ex. 15) the property carried a value of $143,000. This appraisal was done for the ABC Mortgage Company. It has been the experience of this court that appraisers CT Page 9577 of real estate generally resort to a number of sources to establish a basis for their opinions regarding value of the property to be appraised including discussions with interested parties. Mr. Lutter who was the author of the appraisal report referred to, testified that he was told that the property "was worth at least $120,000". His job was to determine if this was in the area and he apparently so concluded by his figure of $143,000. To the contrary, an appraiser hired for counsel's use in this case, Charles Liberti opined the property had a value of $84,000 (Defendant's Ex. 6) as of June 10, 1996. This appraisal is surprisingly close to the actual sales figure of $85,000 as approved by the Probate Court (Plaintiff's Ex. 4).
The plaintiff claims that since the paperwork reflects a sale of the property for $115,600 and the plaintiff only received reimbursement based upon a price of $85,000, that the defendants should respond in damages under file No. CV97 0058869, State ofConnecticut v. Edward Riley individually and Edward RileyExecutor, and Raymond Riley and under the file entitled "In thematter of Kenneth C. Riley Sr., Appeal from Probate. (State ofConnecticut v. Estate of Kenneth Riley Sr., CV97 00597943) that this court should determine that the Probate Court for West Haven was in error in denying the Appellant State of Connecticut's Motion to Set Aside and Vacate the Sale of the Property to Raymond Riley. The plaintiff, State of Connecticut, contends that a fraud has been perpetrated upon it by the conduct and machinations of the Riley family in connection with this transaction. If there has been a scam committed here it likely has affected only the mortgagee, The ABC Mortgage Company who may unwittingly have loaned the full value of the property on the assumption that the mortgagor contributed the balance towards the reported purchase price of $123,016. (Plaintiff's Ex. 13).
The basic question before the court is the true value of the property against which the plaintiff placed a lien for benefits paid. The court finds that the only unbiased estimate of the value of the property was that expressed by Ms. Turcotte, i.e. $80,000 to $90,000, and in as much as the Estate received $85,000 for the sale to Raymond Riley it is the Court's conclusion that no wrong has been committed and the doings of the Probate Court may remain undisturbed. The Appeal is denied and judgment may enter on behalf of the defendants as to the plaintiff's claim for damages in file No. CV970058369.
GEORGE W. RIPLEY, J.T.R. CT Page 9578